NOTICE OF SUIT TO SHERIFF OF ALLEGHENY CO.

You are hereby notified that on 12/10/2021
a COMPLAINT has been filed in this case
and you are required to serve the same on or before the
03/10/2022
Michael McGeever, Director
Department of Court Records

## COMPLAINT IN CIVIL ACTION

### IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

Plaintiff(s)

**Williams, Tyrone E**

**Igwe-Williams, Robin U.**

Case Number:
**GD-21-014860**

Type of pleading:
**Complaint**

Filed on behalf of:
**Igwe-Williams U. Robin**

**Hughes L Karen**

(Name of filing party)

VS

Defendant(s)

    **Wal-Mart Stores East LP,**
       **dba Walmart Inc. Facility # 2588**

[X] Counsel of Record

[ ] Individual, If Pro Se

Name, Address and Telephone Number:
**Hughes L Karen**
**2945 Banksville Road**
**Suite 200**
**Pittsburgh, PA, 15216**
412 3880848
412 3917005
Attorney's State ID: **37555**



**Michael McGeever, Director, Department of Court Records**

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| Robin U. Igwe-Williams and Tyrone E. Williams, | CIVIL DIVISION |
| Plaintiffs, | Docket No.: |
| | Code No. PO 003 |
| vs. | COMPLAINT IN CIVIL ACTION |
| Wal-Mart Stores, East, LP t/d/b/a Walmart Inc. Facility #2588 | |
| Defendant. | Filed on behalf of Plaintiffs: Robin U. Igwe-Williams And Tyrone E. Williams |
| | Counsel of Record for this Party: Karen L. Hughes, Esquire PA I.D. # 37555 |
| | Woomer & Talarico, LLC 2945 Banksville Road, Suite 200 Pittsburgh, PA 15216-2749 Tele # (412) 388-0848 Fax # (412) 388-0946 |
| | **JURY TRIAL DEMANDED** |

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| Robin U. Igwe-Williams and Tyrone E. Williams, | CIVIL DIVISION |
| Plaintiffs, | Docket No. : |
| vs. | |
| Wal-Mart Stores, East, LP t/d/b/a Walmart Inc. Facility #2588, | |
| Defendant. | |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Lawyer Referral Service**
**Allegheny County Bar Association**
**11th Floor Koppers Building**
**436 Seventh Avenue**
**Pittsburgh, PA  15219**
**(412) 261-5555**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

| | |
|---|---|
| Robin U. Igwe-Williams and Tyrone E. Williams, | CIVIL DIVISION |
| Plaintiffs, | Docket No. : |
| vs. | Code No. PO 003 |
| Wal-Mart Stores, East, LP t/d/b/a Walmart Inc. Facility #2588, | |
| Defendant. | |

## COMPLAINT IN CIVIL ACTION

AND NOW, come Plaintiffs, Robin U. Igwe-Williams And Tyrone E. Williams, by and through their attorneys, Karen L. Hughes, Esquire, and Woomer & Talarico, LLC, and complain and allege as follows:

1. Plaintiff Robin Igwe-Williams (hereinafter "Plaintiff"), is an adult individual residing in Allegheny County, Pennsylvania 15147.

2. Plaintiff, Tyrone Williams (hereinafter "Plaintiff Husband"), is an adult individual residing in Allegheny County, Pennsylvania 15147.

3. At all times relevant and material hereto, Plaintiff and Plaintiff Husband resided together as husband and wife.

4. Defendant, Wal-Mart Stores, East, LP t/d/b/a Walmart Inc. Facility #2588, is a limited partnership with a registered office address at 702 SW 8th Street, Bentonville, Benton County, Arkansas 72716.

5. At all times relevant and material hereto, the Defendant leased, owned, operated, possessed, controlled, managed and/or maintained the premises located at 100 Walmart Drive, North Versailles, Allegheny County, Pennsylvania 15137 (hereinafter "premises").

6. At all times material and relevant hereto, Defendant had a duty to inspect, maintain, repair, control, supervise and/or oversee the at-issue premises and to warn of and correct the dangerous conditions.

7. At all times relevant and material hereto, Defendant acted by and through its agents, servants, employees, representatives, assignees, subsidiaries, predecessors and successors in interest.

8. On or about August 21, 2020, Plaintiff was lawfully on the aforementioned premises for a business purpose.

9. At all times relevant and material hereto, there existed a dangerous, defective, hazardous, and/or unsafe condition on the premises of Defendant, characterized by a slippery, wet substance on the floor in the middle of a heavily traveled aisle.

10. Plaintiff was caused to trip, slip and/or otherwise lose her balance and fall as a result of coming into contact with the aforementioned defective condition.

11. As a direct and proximate result of the aforementioned accident, Plaintiff sustained the following injuries, some or all of which are or may be permanent:

    a. A contusion of the right lower leg;

    b. Swelling of the lower extremities, particularly edema of the right ankle;

    c. Hypertension;

    d. An open wound/avulsion injury of the right great toe;

    e. Peripheral edema

    f. Allergic reaction/catastrophic reaction to medication, Spironolactne;

    g. Blood in her stool;

    h. Vomiting;

    i. Lightheadedness;

j.  Abdominal cramping;

k.  Rectal bleeding, vaginal dryness, and muscle cramping;

l.  Bruises, contusions and other injuries in or about nerves, muscles, bones, tendons, ligaments, tissues and vessels of the body; and

m.  Nervousness, emotional tension, anxiety and depression.

12. As a direct and proximate result of the aforementioned incident, Plaintiff sustained the following damages, some or all of which are or may be permanent or on-going:

a.  She has endured, and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, monetary expenditures for the care of her injury, and emotional and psychological trauma;

b.  She has been, and will be required to, expend large sums of money for medical treatment and care, medical supplies, rehabilitation and therapeutic treatment, medicines and other attendant services;

c.  Her general health, strength and vitality have been impaired;

d.  She has endured and may continue to have to undergo multiple medical tests, including colonoscopies,

e.  She may, in the future, have to face at least one, and possibly numerous, surgeries; and,

f.  She has been and will in the future be unable to enjoy various pleasures of life that she previously enjoyed.

13. At all times relevant and material hereto, Defendant knew or should have known of the dangerous, hazardous, unsafe and/or defective condition that existed on the premises.

14. At all times relevant and material hereto, Defendant failed to take any steps to eliminate the hazard, reduce its danger to invitees, or otherwise warn users, including the Plaintiff, of its dangerous, hazardous, unsafe and defective condition.

**Count I**
**Plaintiff v. Defendant**
**Negligence**

15. Plaintiff incorporates by reference all preceding paragraphs as if set forth at length herein.

16. Plaintiff's injuries and damages were a direct and proximate result of Defendant's negligence in the following particulars:

   a. Causing and permitting the dangerous, hazardous, unsafe and defective condition to exist on the premises for an unreasonable period of time;

   b. In providing a premises that was unsafe for use;

   c. In designing, constructing, and maintaining the premises in such a manner that invitees were at risk of injury;

   d. In failing to warn users, including the Plaintiff, regarding the dangerous, hazardous, unsafe and defective condition of the premises;

   e. In failing to altogether eliminate the dangerous, hazardous, unsafe and defective condition from the premises;

   f. In failing to cordon off the dangerous condition or otherwise prevent invitees of the premises from traversing through the dangerous, hazardous, unsafe and defective condition;

   g. In negligently designing, constructing, maintaining and operating the premises such that Plaintiff was caused to fall;

   h. In failing to timely, properly, or regularly inspect the premises for defects; and,

   i. In failing to remove, repair or cordon off the unsafe condition on the premises.

WHEREFORE, Plaintiffs request judgment for damages against Defendant in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

**A JURY TRIAL IS DEMANDED.**

## COUNT II
### Plaintiff Husband v. Defendant
### Loss of Consortium

17. Husband Plaintiff incorporates by reference all preceding paragraphs as if set forth at length herein.

18. As a direct and proximate result of the negligence of Defendant, as set forth above, Husband Plaintiff has suffered the following damages:

   a. He has been and will be continued to be required to expend large sums of money for his wife's medical care, medical supplies, medicine, and attendant services;

   b. He has and will continue to be deprived of the services, assistance, companionship and society of his wife; and,

   c. He has been deprived of financial support and pecuniary benefits, which he would have received from his wife had she not been injured.

WHEREFORE, Husband Plaintiff requests judgment for damages against Defendant in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

**A JURY TRIAL IS DEMANDED.**

Woomer & Talarico, LLC

_____
Karen L. Hughes, Esquire
PA I.D. # 37555

Woomer & Talarico, LLC
2945 Banksville Road, Suite 200
Pittsburgh, PA 15216-2749
Tele # (412) 388-0848

## VERIFICATION

We, Robin U. Igwe-Williams and Tyrone E. Williams, being duly sworn according to law, depose and say that the facts contained in the foregoing Complaint in Civil Action are true and correct to the best of our knowledge, information and belief. We understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_____
Robin U. Igwe-Williams

_____
Tyrone E. Williams